UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK MARIO SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:05cv1280 TCM |
| ) | |
| LAWSON SCREEN PRODUCTS, INC., ) | |
| RICK CROCKER, and ) | |
| DOUG SEIBERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This employment discrimination action is before the Court[1] on the motion of defendant Lawson Screen Products, Inc. ("Lawson") to dismiss [Doc. 17] and on the motion of defendants Rick Crocker and Doug Seibers[2] to dismiss [Doc. 12] the pro se complaint against them alleging a violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e(17) ("Title VII").

## Background

Plaintiff names as defendants his employer, Lawson, and two supervisors/co-workers, Rick Crocker and Doug Seibers. Attached to his pro se complaint alleging that he was discriminated against because of his religion and his national origin is an Employment Opportunity Commission ("EEOC") questionnaire he completed.[3] He reports in this

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]Doug Seibers is incorrectly named by Plaintiff as "Dough Beevers."

[3]In his complaint, Plaintiff mistakenly refers to this questionnaire as an "EEOC complaint."

questionnaire that he was a machinist helper and began working for Lawson in September 2003. (Questionnaire at 1.) His supervisor was Rick Crocker. (Id. at 2.) After 18 months, he was told by a white employee that he (the other employee) did not have to work because he was white. (Id.) White employees have been given training opportunities he has not. (Id. at 3.) When he informed his supervisor, Crocker, and the shop manager, Doug Seibers, of the white employee's remark, he was told to teach that employee his job. (Id. at 7.) In his complaint, Plaintiff alleges that he was terminated and was not promoted, was "moved from title occupation to other areas without notice," and was told to mind his own business when he complained about another employee. (Compl. ¶¶ 9(b), (c), and (d).) Plaintiff further alleges that Crocker refused to train him, and that Seibers did not follow up on a complaint Plaintiff made to Seibers. (Id. ¶ 11.)

Crocker and Seibers move to dismiss the complaint against them because they were Plaintiff's supervisor or co-employee and not his employer. Lawson moves to dismiss the complaint on the grounds that Plaintiff alleges in his complaint he was discriminated against because of his religion and national origin, but alleged in his EEOC charge that he was discriminated against because of his race, color, and religion. This EEOC charge was not attached to the complaint, nor has it been otherwise filed with the Court.

**Discussion**

In considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must assume that all the facts alleged in the complaint are true, see **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957); **Hamm v. Groose**, 15 F.3d 110, 112 (8th Cir. 1994), and must view the allegations in the complaint in the light most favorable to the plaintiff, see **Scheuer v. Rhodes**, 416 U.S. 232, 236 (1974); **Fusco v. Xerox Corp.**, 676 F.2d 332, 334 (8th Cir. 1982). The issue is not whether the pleading party will ultimately prevail, but whether that party is entitled to offer evidence in support of its claim. See **Scheuer**, 416 U.S. at 236. "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" **Frey v. City of Herculaneum**, 44 F.3d 667, 671 (8th Cir. 1995) (quoting Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993)) (alteration in original).

Title 42 U.S.C. § 2000e-2 prohibits an employer from discriminating against an individual with respect to employment because of that individual's race, color, religion, sex, or national origin. "The term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or proceeding calendar year, and any agent of such person. . . ." 42 U.S.C. § 2000e(b) (alteration added). Liability under Title VII attaches only to employers, **Smith v. St. Bernards Reg'l Med. Ctr.**, 19 F.3d 1254, 1255 (8th Cir. 1994), and not to supervisors or co-workers sued in their individual capacity, **Schoffstall v. Henderson**, 223 F.3d 818, 821 n.2 (8th Cir. 2000); **Roark v. City of Hazen, Ark.**, 189 F.3d

758, 761 (8th Cir. 1999); **Spencer v. Ripley County State Bank**, 123 F.3d 690, 691 (8th Cir. 1997) (per curiam); **Lenhardt v. Basic Inst. of Tech., Inc.**, 55 F.3d 577, 580 (8th Cir. 1995).

Although Plaintiff's pro se complaint is to be liberally construed, see **Duncan v. Delta Consolidated Indus., Inc.**, 371 F.3d 1020, 1025 (8th Cir. 2004); **Stone v. Harry**, 364 F.3d 912, 914 (8th Cir. 2004), Plaintiff's claims against Crocker and Seibers are clearly against them in their individual capacities as his supervisor and shop manager, respectively. They will be dismissed.

Lawson seeks dismissal because of a disparity between the basis for discrimination alleged in the pending complaint and that purportedly asserted in Plaintiff's EEOC charge.

"A Title VII plaintiff must file a charge of discrimination with the EEOC before bringing a civil suit, but the scope of the subsequent action is not necessarily limited to the specific allegations in the charge. In determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative charge must be construed liberally in order not to frustrate the remedial purposes of Title VII." **Nichols v. American Nat'l Ins. Co.**, 154 F.3d 875, 886-87 (8th Cir. 1998) (interim quotations and citations omitted). Consequently, the Title VII plaintiff "may seek relief for any discrimination that grows out of or is like or is reasonably related to the substance of the allegations in the administrative charge." Id. at 887. Accord **Duncan**, 371 F.3d at 1025; **Dorsey v. Pinnacle Automation Co.**, 278 F.3d 830, 838 (8th Cir. 2002).

Although there is such a disparity between the boxes marked in the complaint and in the questionnaire,[4] the EEOC charge is not before the Court. This omission precludes the Court from deciding whether the discrimination now at issue "grows out of or is like or is reasonably related to the substance of the allegations" in the EEOC charge. **Nichols**, 154 F.3d at 887.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss of Rick Crocker and Doug Seibers is **GRANTED**. [Doc. 12] Plaintiff's claims against Rick Rocker and Doug Seibers are DISMISSED.

**IT IS FURTHER ORDERED** that the motion to dismiss of Lawson Screen Products, Inc., is **DENIED** without prejudice. [Doc. 17]

                                              /s/ Thomas C. Mummert, III
                                              THOMAS C. MUMMERT, III
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of January, 2006.

---

[4]Plaintiff marked the boxes labeled "race," "religion," and "color" in the questionnaire. (Questionnaire at 2, 3.)