UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK MARIO SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:05cv1280 TCM |
| ) | |
| LAWSON SCREEN PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Pending in this pro se employment discrimination action is a motion by defendant Lawson Screen Products, Inc. ("Lawson") requesting that the Court reconsider its ruling denying Lawson's motion to dismiss on the grounds that the completed Employment Opportunity Commission ("EEOC") questionnaire attached by Plaintiff to his complaint alleged bases for discrimination inconsistent with the bases he now claims were the reason for the complained-of adverse employment actions. Specifically, Plaintiff alleges in his complaint he was discriminated against because of his religion and national origin, but alleged in the EEOC questionnaire that he was discriminated against because of his race, color, and religion. The Court found that although a plaintiff's basis for relief for any discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e(17) ("Title VII") must "grow[] out of or [be] like or [be] reasonably related to the substance of the allegations in the administrative charge," **Nichols v. American Nat'l Ins. Co.**, 154 F.3d 875, 887 (8th Cir. 1998) (alterations added), the only document properly before the Court on the motion to dismiss was the questionnaire and not the EEOC charge.

Lawson alleges in its motion for reconsideration that in Plaintiff"s case the EEOC treated the questionnaire as his charge of discrimination and that there was no separate document captioned a charge of discrimination. In support of these allegations, Lawson attaches the affidavit of Evelyn Silas, the EEOC investigator that investigated Plaintiff's case.

The procedural path of Lawson's pending motion foretells its fate.

Lawson presented its argument that Plaintiff had not exhausted his administrative remedies in a motion to dismiss and relied on the questionnaire attached to his complaint for factual support. The Court could properly refer to this questionnaire when ruling on the motion because (a) it is a public record, see **Faibisch v. University of Minn.**, 304 F.3d 797, 802 (8th Cir. 2002) (holding that court could rely on EEOC charge when ruling on motion to dismiss because it was a public record), and (b) it was attached to the complaint, see **Meehan v. United Consumers Club Franchising Corp.**, 312 F.3d 909, 913 (8th Cir. 2002). The affidavit of Ms. Silas is not a public record and was not attached to the complaint.

If, when ruling on a motion to dismiss, a court does rely on matters outside the pleadings that are not public records the motion to dismiss is converted to a motion for summary judgment. See **Blair v. Wills**, 420 F.3d 823, 826 (8th Cir. 2005). This conversion requires actual or constructive notice to the nonmoving party. **Id.** See also Fed.R.Civ.P. 12(b) (requiring that if a court ruling on a Rule 12(b)(6) motion does not exclude matters outside the pleading the motion be converted to one for summary judgment and notice be given to nonmoving party).

In the instant case, Lawson asks the Court to rely on matters outside the pleading when ruling on a motion to reconsider. "[T]he Federal Rules of Civil Procedure do not

mention motions to reconsider[.]"  **Schoffstall v. Henderson**, 223 F.3d 818, 827 (8th Cir. 2000) (alterations added).  Clearly, the Rules also do not provide for the conversion of a motion to reconsider to a motion for summary judgment, a conversion the Court is particularly reluctant to make given Plaintiff's pro se status.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Lawson Screen Products, Inc.'s motion to reconsider is **DENIED**.  [Doc. 26]


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of February, 2006.