UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK M. SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:05cv1280 TCM |
| ) | |
| LAWSON SCREEN PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This pro se employment discrimination action is before the Court on an unopposed motion for sanctions filed by defendant, Lawson Screen Products, Inc., after plaintiff, Frederick M. Spencer, did not appear for his properly-noticed deposition.

## Background

Plaintiff alleges in his underlying complaint that Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000(e) to 2000e(17), by discriminating against him in terms of training, promotion, and termination because of his religion and national origin. On November 2, 2005, a case management order was entered setting forth, among other things, a May 8, 2006, deadline for discovery.

On March 2, 2006, a notice of deposition was sent to Plaintiff at his address of record informing him that his deposition was set for Friday, March 17, 2006, at 11:00 p.m., in the offices of Defendant's counsel. (Def. Ex. A.) At 11:33 *a.m.* on March 17, Defendant's counsel made a record that Plaintiff had failed to appear for his deposition or to otherwise communicate with counsel. (Def. Ex. B at 5.) Because Plaintiff did not have a telephone, counsel was unable to contact him. (Id.)

Defendant send another notice of deposition to Plaintiff on April 3, 2006. (Def. Ex. C.) This notice listed a date of April 25, 2006, and a time of 11:00 a.m. for Plaintiff's deposition. (Id.)

Included with the notice was a letter to Plaintiff from Defendant's counsel advising him that if he failed to appear for his deposition, counsel would file "an appropriate motion." (Def. Ex. D.) Plaintiff failed to appear by 11:30 the morning of his scheduled deposition or to otherwise contact opposing counsel. (Def. Ex. E at 4.) Again, because Plaintiff did not have a telephone, counsel was unable to call him. (Id.)

Pursuant to Federal Rule of Civil Procedure 37(d), Defendant moves to dismiss this action for Plaintiff's failure to attend his deposition. Defendant also requests an award of expenses and reasonable attorney's fees. Plaintiff has not responded to this motion, filed 50 days ago.

### Discussion

It is well established that a plaintiff's pro se status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure, including the requirements of discovery. **Lindstedt v. City of Granby**, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam); **Ackra Direct Marketing Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996); **Brown v. Frey**, 806 F.3d 804 (8th Cir. 1986). Sanctions for a failure to comply include monetary sanctions and dismissal. See **Martin v. DaimlerChrysler Corp.**, 251 F.3d 691, 694 (8th Cir. 2001); **Wright v. Sargent**, 869 F.2d 1175, 1176 (8th Cir. 1989) (per curiam). "The . . sanction must be proportionate to the litigant's transgression." **In re Popkin & Stern**, 196 F.3d 933, 938 (8th Cir. 1999) (alteration added).

Defendant seeks sanctions against Plaintiff for failing to appear for his deposition.

"Federal Rule of Civil Procedure 37(d)[1] allows the district court to, among other sanctions, dismiss an action if a party 'fails to appear' for his or her deposition." **Aziz v. Wright**, 34 F.3d 587,

---

[1] Rule 37(d) reads, in relevant part: "If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . ." Fed.R.Civ.P. 37(d) (alterations added).

589 (8th Cir. 1994). "[N]o motion to compel is required before dismissal under Rule 37(d)." **Id.** (alteration added). A dismissal is "an extreme sanction," however, when it is with prejudice and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. **Hunt v. City of Minneapolis**, 203 F.3d 524, 527 (8th Cir. 1999). Accord **Good Stewardship Christian Center v. Empire Bank**, 341 F.3d 794, 797 (8th Cir. 2003). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily." **Hunt**, 203 F.3d at 527. See also **Aziz**, 34 F.3d at 589 (affirming Rule 41(b) dismissal of action filed by pro se plaintiff who had "willfully disregarded" a court order). Considerations of the court's need to advance its docket, the consequences of "irrevocably extinguishing the litigant's claim," and the futility of lesser sanctions inform the court's decision on whether a dismissal is to be with prejudice. **Id.** (interim quotations omitted). Also relevant is whether the plaintiff's actions "had the effect of attacking the integrity of the court." **Rodgers**, 135 F.3d at 1219.

Regardless whether this Court characterizes its dismissal of a Title VII action as without prejudice, the effect would be to extinguish Plaintiff's claims because of the statute of limitations in 42 U.S.C. § 2000e-5(f). See **Colasante v. Wells Fargo Corp.**, 81 Fed.Appx. 611, 613-14 (8th Cir. 2003) (per curiam) (finding that dismissal of Title VII case, although without prejudice, had "actual effect of terminating plaintiff's claim"); **Garrison v. International Paper Co.**, 714 F.2d 757, 759 n.2 (8th Cir. 1983) (noting that state savings statute did not apply to dismissal without prejudice of Title VII action because that action was governed by federal statute of limitations which was jurisdiction and could not be extended). Thus, dismissal of this action would be an extreme sanction.

On the other hand, Plaintiff's pro se status does not excuse him from the requirements of discovery. His failure to appear for his deposition has halted the progress of the litigation which

he initiated. The Court finds that an award of costs for the second deposition, the time for which was accurately stated in the notice of deposition, is appropriate, as is an order compelling Plaintiff to appear for a deposition or face the dismissal of this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant is to notify Plaintiff, with a copy to be filed with this Court, of the fees of the court reporter for her attendance at and transcription of the April attempted deposition of Plaintiff. Plaintiff is GRANTED fifteen days from the date of such notice to pay the fees. Failure to pay the fees within the fifteen days **will** result in the dismissal of this action **without further notice**.

**IT IS FURTHER ORDERED** that Plaintiff is to appear for a properly-noticed deposition. Failure to appear for this deposition **will** result in the dismissal of this action **without further notice**.

**IT IS FINALLY ORDERED** that Defendant's motion for sanctions is **DISMISSED** without prejudice. [Doc. 29]

/s/ Thomas C. Mummert, III  
THOMAS C. MUMMERT, III  
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of June, 2006.